NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**18-733**


**STATE OF LOUISIANA**

**VERSUS**

**ELVIN BRYANT JINKS, JR.**
**-AKA- ELVIN JINKS**

\*\*\*\*\*\*\*\*\*\*\*\*\*

**ON REMAND**

\*\*\*\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 158217
HONORABLE PENELOPE RICHARD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Candyce G. Perret, Judges.


**CONVICTION AND SENTENCE VACATED;**
**REMANDED FOR NEW TRIAL.**

**Sherry Watters**
**Louisiana Appellate Project**
**Post Office Box 58769**
**New Orleans, LA 70158-8769**
**(504) 723-0284**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Elvin Bryant Jinks, Jr.**

**Jennifer Jones**
**Assistant District Attorney**
**W. Thomas Barrett, III**
**Post Office Drawer 280**
**Cameron, LA 70631**
**(337) 775-5713**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**PERRET, Judge.**

Defendant, Elvin Bryant Jinks, Jr., was charged with one count of aggravated crime against nature, a violation of La.R.S. 14:89.1, wherein the victim, his stepdaughter, was under the age of thirteen at the time of the offense, which occurred between the spring of 2016, and the fall of 2016. Defendant pled not guilty. Following a jury trial on April 25, 2018, Defendant was found guilty by a ten-to-two jury verdict and sentenced to the minimum sentence of twenty-five years at hard labor without the benefit of parole, probation, or suspension of sentence, with credit for time served. Defendant appealed alleging that the trial court erred in proceeding with sentencing without the proper statutory delay, that the trial court erred in prohibiting testimony regarding the victim's credibility, and that a new trial should be granted because a non-unanimous verdict does not satisfy due process. On appeal, we affirmed Defendant's conviction and sentence, but remanded for the Uniform Commitment Order to be corrected. *State v. Jinks*, 18-733 (La.App. 3 Cir. 5/1/19) (unpublished opinion).

Defendant then timely filed a writ application with the Louisiana Supreme Court on May 21, 2019. One of his assignments of error alleged the unconstitutionality of his ten-to-two jury verdict.

On June 3, 2020, the Louisiana Supreme Court granted Defendant's writ application on that issue and remanded the case to this court for further review in light of the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020). *State v. Jinks*, 19-818 (La. 6/3/20), ___ So.3d ___ (per curiam). On remand, this court now vacates Defendant's conviction and sentence and remands this matter to the trial court for a new trial.

**DISCUSSION:**

On April 20, 2020, the United States Supreme Court held Louisiana's provision for a non-unanimous jury verdict was unconstitutional. *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020). Although the concurring justices did not join in all parts of the majority opinion, the Supreme Court unambiguously determined that non-unanimous verdicts are not permitted by the Sixth Amendment to the Constitution. The prohibition applies to the states through the Fourteenth Amendment. *Id.*; *see also* concurrences by Sotomayor, Kavanaugh, and Thomas, JJ. Furthermore, the decision applies to cases pending on direct review.

In the current case, Defendant was found guilty by a ten-to-two jury verdict. Specifically, after the trial court announced the jury verdict at trial, it noted, "I'm going to have the clerk record the verdict, 10 out of 12 agreed on the verdict . . . ." Additionally, the Louisiana Supreme Court noted in its remand that Defendant's case was still in the process of direct review at the time of the *Ramos* decision. Thus, *Ramos* applies and requires that Defendant's conviction by a non-unanimous jury be reversed.

**DECREE:**

Defendant's conviction and sentence are reversed, and this case is remanded to the trial court for a new trial pursuant to *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020).

**CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.